IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES LINING,  )
    Plaintiff,  )
  )
vs.  )  Civil Action No. 07-01724
  )  Judge Nora Barry Fischer
TEMPORARY PERSONNEL SERVICES,  )
INC. and AMERICAN BRIDGE  )
MANUFACTURING COMPANY.  )

### MEMORANDUM ORDER

This matter is before the Court on Defendant American Bridge Manufacturing Company's Motion to Compel Second Deposition of Plaintiff and Motion for Counsel Fees [14], filed by Defendant American Bridge Manufacturing Company on April 15, 2008. On April 16, 2008, Plaintiff filed Plaintiff's Brief in Opposition to Defendant's Motion to Compel Second Deposition of Plaintiff and Motion for Counsel Fees (Docket No. 15). On the same day, the Court held a Case Management Conference in this matter.

The relevant background is as follows. Defendant American Bridge served a Notice of Deposition Duces Tecum on counsel for the Plaintiff on March 14, 2008 for a deposition date of April 1, 2008. After exchanging correspondence, Plaintiff appeared at the April 1, 2008 deposition and when counsel for Defendant American Bridge requested the documents, counsel for the Plaintiff read from the Federal Rules of Civil Procedure, specifically Rules 30 and 34, asserting that he had until April 14, 2008 within which to respond. After lengthy argument which included a telephone call to the Court,[1] the deposition ended. Subsequently thereafter, on April 14, 2008, Plaintiff produced the

---

[1] The Court was in trial and hence unavailable to resolve the dispute.

documents requested in the Notice of Deposition Duces Tecum: two statements dated April 3, 2006 and May 9, 2006.

In its motion, Defendant American Bridge requests an order granting the following relief: (1) a second deposition of Plaintiff and, (2) at the second deposition, responses to questions regarding Plaintiff's preparation for the deposition with counsel.

1.  *Second deposition*

Defendant American Bridge asserts that Plaintiff "waived any defects in the Notice of Deposition Duces Tecum by agreeing to produce his client for deposition testimony in accordance with the Notice of Deposition Duces Tecum without advising Defendant's counsel of any objection in the Notice and without taking steps to file a motion for protective order." (Docket No. 14 at ¶22). Plaintiff responds that he has complied with the Federal Rules.

The Court finds that counsel for the Plaintiff's conduct complied with the plain face of the Rules. Rule 30(b)(2), by way of Rule 34(b)(2)(A), allows 30 days to respond after being served, and counsel for the Plaintiff responded within that time limit. Further, the Court finds that the correspondence between counsel did not indicate any waiver to the time period under Rule 34 and counsel for Defendant American Bridge has directed the Court to no case law to the contrary. Furthermore, while counsel for Defendant American Bridge continually asserts that counsel for the Plaintiff intentionally misled her, (*see* Docket No. 14 at ¶¶14, 23-24), there is no evidence to support the same save argument of counsel. Nevertheless, because Defendant American Bridge did not have the opportunity to depose the Plaintiff as to documents responsive to the Notice of Deposition Duces Tecum at the first deposition and in the interests of fairness, the Court

will allow a second deposition of the Plaintiff but limited only to the documents produced pursuant to the March 14, 2008 Notice of Deposition Duces Tecum.[2]

2. *Questions regarding preparation for deposition*

Defendant American Bridge further moves to compel Plaintiff to answer questions regarding his preparation for the April 1, 2008 deposition, in particular how many occasions the Plaintiff met with counsel, the length of meetings and who attended the same, and whether the meetings were in person or by phone. (Docket No. 14-4 at 58:2-59:11) (Deposition of James Lining). Plaintiff responds that the above questions call for answers protected by the work product doctrine in that they seek to determine the mental impressions and thought processes of Plaintiff's counsel.[3]

Federal Rule of Civil Procedure 26 partially codified the work product doctrine, the federal common law rule announced in *Hickman v. Taylor*, 329 U.S. 495 (1947). Rule 26 provides, in relevant part: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed.R.Civ.P. 26(b)(3). The purpose of the work product doctrine is to protect an attorney's mental processes, strategies, and legal impressions. While Rule 26(b)(3) only explicitly protects documents and tangible things, "[i]t is clear from *Hickman* that work product protection extends to both tangible and intangible work

---

[2] The Court notes that the 7-hour time requirement in Rule 30(d)(1) applies and counsel for the Defendant American Bridge has not requested an extension.

[3] The Court notes that Plaintiff does not assert the applicability of the attorney-client privilege.

product," also known as opinion work product.[4] *In re Cendant Corp. Securities Litigation*, 343 F.3d 658, 662 (3d Cir. 2003). *See Hickman*, 329 U.S. at 510-11. "The party resisting discovery also bears the burden of demonstrating the applicability of an evidentiary privilege, such as the attorney-client privilege or the work-product privilege, as a bar to discovery." *McCrink v. Peoples Benefit Life Ins. Co.*, No. Civ.A.2:04CV01068LDD, 2004 WL 2743420, *1 (E.D. Pa. Nov. 29, 2004) (citation omitted). As to the work product doctrine, "[u]nlike the attorney client privilege, the work product privilege is governed, even in diversity cases, by a uniform federal standard embodied in Fed.R.Civ.P. 26(b)(3)." *United Coal Companies v. Powell Const. Co.*, 839 F.2d 958, 966 (3d Cir. 1988).

In support of his argument in opposition, Plaintiff relies on *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985), in which the U.S. Court of Appeals for the Third Circuit considered "whether the selection process of defense counsel in grouping certain documents together out of the thousands produced" constituted work product under the Federal Rules and *Hickman*. *Id.* at 315. However, as Plaintiff plainly admits, *Sporck* is clearly distinguishable from the instant matter insofar the instant dispute does not involve the claim of work product to any documents or group of documents. *See Sporck*, 759

---

[4]

Nevertheless, Rule 26(b)(3)(B) refers to opinion work product:

> If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinion, or legal theories of a party's attorney or other representative concerning the litigation.

Fed.R.Civ.P. 26(b)(3)(B).

F.2d at 316 ("We believe that the selection and compilation of documents by counsel in this case in preparation for pretrial discovery falls within the highly-protected category of opinion work product"). Quite the contrary, the questions posed by counsel for Defendant American Bridge appear routine and do not infringe upon "an attorney's legal strategy, his intended lines of proof, his evaluation of the strengths and weaknesses of his case, and the inferences he draws from interviews of witnesses." *Sporck*, 759 F.2d at 316 (citations omitted). Plaintiff does not direct the Court to any case offering opinion work product protection to questions regarding whether an attorney met with his or her client prior to a deposition. Moreover, the questions do not call for the substance of any meeting between Plaintiff and counsel prior to the deposition, which, in the Court's estimation, would clearly fall within the boundaries of the work product doctrine as espoused under Rule 26 and *Hickman*. Hence, the Court finds that the Plaintiff has failed to his carry his burden and demonstrate that the work product doctrine applies in this instance. Accordingly, at the second deposition, Plaintiff shall answer the general questions posed by counsel for Defendant American Bridge at the first deposition, specifically (1) did you meet with your attorney before the deposition; (2) on how many occasions did you meet with your attorney; (3) how long did you meet with your attorney; and (4) did you meet in person or over the telephone.[5]

---

[5]

In fact, the Court notes that Plaintiff already answered at least one question regarding preparation for his first deposition and counsel did not object. *See* Docket No. 14-4, 57:25-58 ("Q: Mr. Lining, I believe I was asking what you did to prepare for the deposition. Did you meet with your attorney? A: Yes") (Deposition of James M. Lining).

3.  *Fees*

Defendant American Bridge requests attorney fees in the filing of the instant motion, specifically $510.  Rule 37(a)(5)(A) provides that if a motion is granted, a court must require the party whose conduct necessitated the motion to pay reasonable expenses (including attorney fees) unless (1) the moving party did not attempt in good faith to obtain the discover without court action; (2) the opposing party's nondisclosure, response, or objection was "substantially justified;" or (3) other circumstances make an award of expenses unjust.  Fed.R.Civ.P. 37(a)(5)(A).  Here, as the Court finds that counsel for Plaintiff's conduct complied with the plain language of the Federal Rules, the Court finds that Plaintiff's response was substantially justified and thus expenses and fees are inappropriate.

4.  *Conclusion*

Accordingly, based on the foregoing, the Court GRANTS in part and DENIES in part Defendant American Bridge Manufacturing Company's Motion to Compel Second Deposition of Plaintiff and Motion for Counsel Fees [14].  The Court grants said motion to the extent it seeks a second deposition of Plaintiff; however, said deposition shall be streamlined and limited to questions regarding the documents pursuant to the March 14, 2008 Notice of Deposition Duces Tecum.  The Court further grants said motion to the extent it seeks answers to general questions regarding Plaintiff's preparation for the deposition and Plaintiff shall answer said questions as outlined above.  The Court denies said motion to the extent it seeks counsel fees.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: April 23, 2008.
cc: All counsel of record