IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES LINING,<br>  Plaintiff,<br><br>  vs.<br><br>TEMPORARY PERSONNEL SERVICES,<br>INC. and AMERICAN BRIDGE<br>MANUFACTURING COMPANY. | Civil Action No. 07-01724<br>Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Conduct Discovery [24], filed by Plaintiff James Lining on May 20, 2008, in which Plaintiff requests leave to serve requests for the production of documents upon each Defendant regarding "the amount of time Defendants' attorneys expended in defending this case." (Docket No. 24 at ¶5). On May 30, 2008, Defendants American Bridge Manufacturing Company and Temporary Personnel Services, Inc. filed a joint Response to Plaintiff's Motion for Leave to Conduct Discovery (Docket No. 27), in which they object to Plaintiff's request for discovery in that the same is "overly broad, unduly burdensome and not at all narrowly tailored to the Defendants' objections to 9.7 hours of Attorney Cordes' claimed time." (Docket No. 27 at ¶5).

From a general perspective, "[a] request for attorney fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In his motion, Plaintiff relies on *Joy Manufacturing Corp. v. The Pullman-Peabody Co.*, 742 F.Supp. 911 (W.D. Pa. 1990), for the proposition that review of an opposing counsel's hours may be helpful by way of comparison in determining reasonableness. *Id.* at 923. In turn, the Court in *Pullman-Peabody* relied upon *In re Fine Paper Antitrust Litigation*, 751 F.2d

562 (3d Cir. 1984), in which the U.S. Court of Appeals for the Third Circuit held that a district court's denial of a motion to require in camera disclosure of fees paid by settling defendants in the underlying litigation was not an abuse of discretion, especially in light of the possibility of raising collateral issues such as privilege. *Id.* at 587. Nevertheless, the Court ruminated on the purpose of the request itself: "The request was made for the purpose of enlightening the court as to reasonable hours and hourly rates for comparable lawyers in complex litigation. The information sought certainly was relevant, and arguably even helpful."[1] *In re Fine Paper Antitrust Litigation*, 751 F.2d at 587. However, at least one court in this District has drawn a different conclusion: "In our judgment, the number of hours required by opposing counsel to defend a claim has little relevance to the reasonableness of the number of hours which plaintiffs' counsel devoted to pursuing a cause of action on behalf of a plaintiff in a given case." *Samuel v. University of Pittsburgh*, 80 F.R.D. 293, 294 (W.D. Pa. 1978).

While the Court does not disagree with the declaration in *Fine Paper* that information such as reasonable hours and hourly rates for "comparable lawyers" may be relevant and "arguably even helpful," the Court finds that additional discovery here would not be helpful in resolution of Defendants' objections. Plaintiff seeks discovery as to "information concerning the amount of time Defendants' attorneys expended in

---

[1] In *Fine Paper*, the Court referenced "comparable lawyers" in the context of lawyers involved in a class action challenging the district court's ruling on fees who sought disclosure of "fees paid by the settling defendants in the underlying litigation ... ." *Fine Paper*, 751 F.2d at 587. Similarly in *Joy*, the Court referenced *Fine Paper* in the context of a fee dispute between a plaintiff and an intervening plaintiff. Nonetheless here, Plaintiff seeks to apply the phrase "comparable lawyers" between himself and the Defendants located on opposite sides of the underlying litigation as well as the ensuing fee dispute.

2

defending this case."[2] (Docket No. 24 at ¶5). Presumably, said request is in response to Defendants' specific objections in their Response to Plaintiff's Motion for Attorney Fees and Expenses, (*see* Docket No. 23 at ¶¶33-35), and reiterated in their response to the instant motion; in particular, the following: 5.2 hours expended preparing Plaintiff for his deposition; 1 hour expended preparing a "form fee petition," (Docket No. 27 at ¶4); and 3.5 hours expended in preparing a response to Defendants' discovery motion "upon which Defendants substantially prevailed," (Docket No. 27 at ¶4). However, in the Court's estimation, Plaintiff's proposed discovery requests (designed to reveal hours expended by counsel for the Defendants) will not assist the Court in its determination as to whether the above expended hours are reasonable insofar as counsel for Defendants did not complete comparable work. For example, counsel for Plaintiff prepared a client for a deposition while counsel for the Defendants prepared to take a deposition--the time expended on the latter does not necessarily reflect upon the reasonableness of the time expended on the former. The Court in *Samuel* articulated the differences between the work required for counsel on opposing sides:

> Before each deposition, it is not uncommon for defense counsel to spend many hours reviewing the file to date. Then, after each deposition, he must summarize the deposition by letter to the client. Even when discovery is minimal, defense counsel must notify the client on a monthly basis of the status of the litigation. This is a particular burden to anyone familiar with defense work, but it is totally foreign to plaintiff's counsel unless he represents a corporate client. For example, it is not common practice for plaintiff's counsel to advise an

---

[2] As pointed by Defendants, Plaintiff does not seek discovery as to counsel for Defendants' hourly rates.

> individual plaintiff, or class member, of the status of the litigation on a monthly basis. Nor is it common for plaintiff's counsel to summarize a deposition in writing for the benefit of an individual plaintiff.

*Samuel*, 80 F.R.D. at 295. While the Court does not foreclose the possibility of a plaintiff obtaining discovery from a defendant as to a fee petition,[3] the Court finds that, in light of Defendants' objections directed at the reasonableness of specific tasks, Plaintiff's proposed discovery requests would in this case not assist this Court in its reasonableness determination. Stated differently, counsel for Defendants' hours expended on this case are not relevant *here*.

Accordingly, based on the foregoing, the Court **DENIES** Plaintiff's Motion for Leave to Conduct Discovery [24].

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: June 2, 2008.

cc: All counsel of record

---

[3] For example, as noted by the Court in *Samuel*: "Once the trial begins, of course, the chargeable hours of both attorneys are reasonably similar." *Samuel*, 80 F.R.D. at 295. Thus, if counsel for Defendants had challenged hours expended by counsel for the Plaintiff at trial, counsel for Defendants' corresponding hours may be relevant to a fee petition and hence subject to discovery.